UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE FROM THE 2ND CONSUMER COURT OF ANKARA, TURKEY IN MERT KARAMAN V. TURKCELL COMMUNICATION SERVICES | Case No. 23-mc-80250-JSC<br><br>**ORDER RE: APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782**<br><br>Re: Dkt. No. 1 |

The 2nd Consumer Court of Ankara, Türkiye sent the United States Department of Justice a Letter of Request for judicial assistance to obtain evidence from Google, LLC in connection with a civil case. (Dkt. No. 2.[1]) Pending before the Court is the United States' ex parte application for an order pursuant to 28 U.S.C. § 1782 appointing Assistant United States Attorney ("AUSA") Adrienne Zack as Commissioner for the purpose of issuing a subpoena for the requested information. (*Id.*) For the reasons set forth below, the Court GRANTS the application.

**BACKGROUND**

The request arises from a consumer protection case in the 2nd Consumer Court of Ankara, Türkiye, Foreign Reference Number 2022/685, in which Plaintiff Mert Karama alleges his online accounts and crypto assets were stolen by intercepting SMS text messages serviced by Defendant Turkcell Communication. (Dkt. No. 3 ¶ 3; Dkt. No. 3-1 at 5.) The Turkish court sent a Letter of Request for judicial assistance to obtain evidence for this case from Google, LLC pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Evidence Convention"). (*Id.*) The request asks whether the password for Plaintiff Mert Karam's

---

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

accounts, mertkrmn06@gmail.com and echoriath06@gmail.com, was changed and, if so, seeks "the information and documents related to this transaction, and all information and documents related to the IP records from which IP number the relevant accounts were accessed" between May 29, 2022 and June 1, 2022. (*Id.*; Dkt. No. 2 at 3.) Google requires a subpoena to provide the requested information. (Dkt. No. 3 ¶ 5.)

To execute this Letter of Request, the Government filed an ex parte application under 28 U.S.C. § 1782 asking the Court for an order appointing AUSA Adrienne Zack as Commissioner for the purpose of issuing a subpoena. (Dkt. No. 2.) The Government provided a proposed subpoena ordering Google to provide the requested information, but limiting the scope to non-content information pursuant to the Stored Communications Act and instructing Google to provide information directly to the Turkish Embassy rather than the United States Attorney's Office. (Dkt. No. 3 ¶¶ 4-7; Dkt. No. 4.) AUSA Zack notified Google of the request and Google does not object to the proposed order. (Dkt. No. 3 ¶ 8.)

## LEGAL STANDARD

The Hague Evidence Convention "prescribes procedures by which a judicial authority in one contracting state may request evidence located in another" where such assistance is needed in civil or commercial judicial proceedings. *Société Nationale Industrielle Aerospatiale v. U.S. Dist. Court of the S. Dist. Of Iowa*, 482 U.S. 522, 524 (1987); *see* Hague Evidence Convention art. 1, Mar. 18, 1970, 23 U.S.T. 2555. Article 10 of the Hague Evidence Convention provides:

> In executing a Letter of Request the requested authority shall apply the appropriate measures of compulsion in the instances and to the same extent as are provided by its internal law for the execution of orders issued by the authorities of its own country or of requests made by parties in internal proceedings.

Hague Evidence Convention, art. 10. Article 9 of the Convention provides "[t]he judicial authority which executes a Letter of Request shall apply its own law as to the methods and procedures to be followed."

The Hague Evidence Convention is in force both in the United States and the Republic of Türkiye. *See* Status Table for the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, available at

https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last visited November 14, 2023). Under Article VI of the United States Constitution, treaties like the Hague Evidence Convention constitute the law of the land. U.S. Const. art. 6, cl. 2; *see Société Nationale Industrielle*, 482 U.S. at 533 (1987) ("[P]etitioners correctly assert that . . . the Hague Convention [is] the law of the United States.")

The purpose of Section 1782 is "to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). When it comes to requests directly from foreign courts, district courts typically handle Section 1782 discovery requests in the context of an ex parte application for an order appointing a commissioner to collect the information. *In re Sungrove Co., Ltd.*, No. 22-MC-80225-JSC, 2022 WL 4468275, at *1 (N.D. Cal. Sept. 26, 2022); *see also In re Letters Rogatory from Tokyo Dist, Tokyo, Japan.*, 539 F.2d. 1216, 1219 (9th Cir. 1976) ("Letters Rogatory are customarily received, and appropriate action taken with respect thereto ex parte" as the witnesses can raise objections in motions to quash the subpoena after the court issues a Section 1782 order.)

## DISCUSSION

This application satisfies the statutory requirements of Section 1782 and the discretionary factors set forth by the Supreme Court in *Intel* weigh in favor of granting the application. AUSA Zack may be appointed Commissioner to subpoena the requested information from Google.

**A. The Request Satisfies Section 1782(a) Statutory Requirements**

Federal district courts may order discovery for use in a foreign proceeding under Section 1782 where three requirements are met: "(1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (quoting 28 U.S.C. §1782(a)).

Here, the Turkish court satisfies all three statutory requirements. First, Google "resides or is found in" the Northern District of California because Google is headquartered and has its principal place of business in Mountain View, California. (Dkt. No. 3-1 at 5); *see In re Med. Inc.*

*Ass'n Takeuchi Dental Clinic,* No. 5:22-MC-80200-EJD, 2022 WL 10177653, at *2 (N.D. Cal. Oct. 17, 2022) (holding Google met residence requirement under Section 1782 because its headquarters and principal place of business is in Mountain View). Second, discovery is sought "for use in a foreign tribunal" since the information is sought in connection with a civil case, Foreign Reference Number 2022/685, pending in the Turkish court. The third requirement is also satisfied as the application is made by the 2nd Consumer Court of Ankara, Türkiye, a foreign tribunal. Accordingly, the Court is authorized to order discovery.

### B. Discretionary *Intel* Factors Weigh in Favor of Granting the Request

Even if the statutory requirements are satisfied, a district court retains discretion to grant or deny a Section 1782 discovery application. *Intel*, 542 U.S. at 266 ("§ 1782(a) authorizes, but does not require, discovery assistance.") A district court may exercise its discretion after considering: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding, (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance, (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States, and (4) whether the request is unduly intrusive or burdensome. *Id.* at 264-65. Here, all four factors weigh in favor of granting the request.

#### 1. Google, LLC Is Not a Participant in the Foreign Action

The first factor considers whether the respondent is a participant in the foreign action since a "foreign tribunal has jurisdiction over those appearing before it and can itself order them to produce evidence," but nonparticipants "may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel*, 542 U.S. at 264. Google is not a party or participant in the consumer protection action before the Turkish court. Thus, this factor weighs in favor of granting the application.

#### 2. The Turkish Court Is Receptive to U.S. Judicial Assistance

In evaluating the second factor, Courts focus on "the utility of the evidence sought and whether the foreign tribunal is likely to receive the evidence." *In re Ex Parte Application of*

*Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1040 (N.D. Cal. 2016). Here, the 2nd Consumer Court of Ankara, Türkiye requests this information from Google in connection with a pending case. (Dkt. No. 3 ¶ 3.) Thus, the Turkish court will likely receive and consider the evidence.

### 3. There Is No Circumvention of Foreign Discovery Procedures

The third factor asks the court to consider whether the requester seeks to circumvent the foreign jurisdiction's proof-gathering restrictions. *Intel*, 542 U.S. at 265. Here, the request comes from the 2nd Consumer Court of Ankara, Türkiye, which suggests the request is not an attempt to circumvent the Republic of Türkiye's discovery rules. *See In re Letter Rogatory-Request for Int'l Jud. Assistance From the Harju Country Ct. in Estonia Petition of Lyoness Eesi OÜ*, No. 17-MC-80044-MEJ, 2017 WL 1436096, at *3 (N.D. Cal. Apr. 24, 2017) ("Where a foreign court has requested the information there is a presumption that the application is not an attempt to circumvent foreign proof-gathering procedure.") Since there is nothing to suggest the request seeks to circumvent any rules in the Republic of Türkiye, this factor weighs in favor of granting the request.

### 4. Request Is Not Unduly Burdensome or Intrusive

Finally, the discovery request does not appear unduly burdensome or intrusive. The subpoena seeks only non-content account and IP information for specific accounts for a short period of time for the purpose of adjudicating Plaintiff's claim. (Dkt. No. 3 ¶ 3; Dkt. No. 3-1 at 5.) Specifically, it asks whether the passwords for Plaintiff's two Gmail accounts were changed and if so, seeks the IP numbers from which the accounts were accessed over four days between May 29 and June 1 of 2022. (*Id*.) Moreover, Google has indicated it is willingness to provide this information pursuant to the proposed subpoena. (Dkt. No. 3 ¶ 5, 8.) Because the request is narrowly tailored to the needs of the case and Google does not object to the proposed subpoena, this factor weighs in favor of granting the request.

\*\*\*

In sum, the four discretionary factors set forth by the Supreme Court in *Intel* favors authorizing judicial assistance to the Turkish court.

//

### C. AUSA Zack May Be Appointed Commissioner

The United States requests the Court appoint AUSA Zack as Commissioner, and thereby authorize him to subpoena the information from Google to transmit to the Turkish court. (Dkt. No. 3 at 1.) In providing assistance to a foreign tribunal under Section 1782, a court may appoint a Commissioner to gather evidence and submit it through appropriate channels to the requesting nation. 28 U.S.C. §1782(a) ("The order . . . may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court . . . [and] may prescribe the practice and procedure . . . for taking the testimony or statement or producing the document or thing.") While the statute does not require the commissioner to be a lawyer or prosecutor, district courts have appointed Department of Justice attorneys to act as commissioners pursuant to Section 1782. *In re Request for Jud. Assistance From Seoul Cent. Dist. Ct. in Seoul, Republic of S. Korea*, No. 23-MC-80016-BLF, 2023 WL 2394545 (N.D. Cal. Mar. 7, 2023); *see e.g. In re: Request for Int'l Jud. Assistance From the Turkish Ministry of Just.*, No. 16-MC-80108-JSC, 2016 WL 2957032, at *2 (N.D. Cal. May 23, 2016) (appointing an AUSA as commissioner under Section 1782); *In re Clerici*, 48 F.3d 1324, 1329-30 (11th Cir. 2007) (affirming a district court's denial of a motion to vacate its appointment of an AUSA as commissioner under Section 1782). Having found no cause to deny this request, the Court appoints AUSA Zack as Commissioner to subpoena Google for the requested information.

### CONCLUSION

Having reviewed the Application and supporting documents, the Court GRANTS the United States' ex parte Section 1782 application. The Court appoints AUSA Adrienne Zack as Commissioner to issue a subpoena to execute the Request for International Judicial Assistance as set forth below:

1. AUSA Zack shall serve a subpoena upon Google in the form attached as Exhibit 2 to the Declaration of Adrienne Zack, filed concurrently with the Application. (Dkt. No. 3-2.) Upon receipt of the subpoena, Google shall promptly make a diligent search for the information requested in the subpoena and ascertain the information as requested therein.

//

2. Google shall provide a copy of the subpoena to the relevant account owners and advise them that Google will provide the information responsive to the subpoena unless they file, within 21 calendar days from the date they receive the subpoena, an objection or a motion to quash.

3. Within 28 calendar days from receipt of the subpoena, provided that no objection or motion to quash is received in response to the notice provided as set forth in paragraph 2 of this Order, Google shall produce the requested information, along with a notarized verification signed under penalty of perjury, directly to the requesting country at the following physical address:

> Embassy of the Republic of Türkiye
> 2525 Massachusetts Avenue, NW
> Washington, DC 20008
> POC: Tuba Özer Mar

4. Within 7 calendar days after producing its response to the Turkish Embassy, Google shall provide AUSA Zack with a certification signed under penalty of perjury indicating the date on which Google produced its response to the Turkish Embassy in compliance with this Order.

5. This Order does not preclude the United States from filing an amended petition for a further order authorizing an amended subpoena requesting additional information from Google in the event the Turkish court requests additional information from Google after reviewing Google's response to the subpoena authorized by this Order.

This Order disposes of Docket No. 1.

**IT IS SO ORDERED.**

Dated: November 28, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge